### MAHALA WILLIAMS *v.* WILLIAM G. SPRINGFIELD.

Where a suit was brought by a surviving wife, to recover a slave, upon the ground that the title of her deceased husband, under whose succession the defendant claimed the slave, was invalid, since such slave, being her separate property, was sold by herself and husband to an interposed person, from whom he was the same day acquired by her husband—*Held:* That whether it be regarded as a sale to an interposed person, or not, the sale was ratified when the administrator of her deceased husband's succession filed his account and carried the price of the slave into the same, and the plaintiff claimed in his succession her marital fourth in the price of this slave.

APPEAL from the District Court of the Parish of Bossier, *Egan*, J.

J. D. *Watkins*, plaintiff and appellant. *George Williamson*, for defendant.

MERRICK, C. J. This suit is brought to recover a slave named *Abram*, of the value of one thousand six hundred dollars.

*Robert J. B. Lowry*, under whose succession defendant claims, had a title apparently valid. Plaintiff attacks that title on the ground that it was made by herself and husband to an interposed person from whom it was the same day acquired by her husband. It seems that the slave and other property had been bought by her at the probate sale of her former husband's succession, and had been sold to the administrator of that succession, who thus became responsible for the price to the estate, and that thereupon he sold the property on time to *Lowry* and his wife, the plaintiff, or in other words, to *Lowry*.

If the administrator accounted for the price to the succession in good faith, it is difficult to see on what pretence it can be held that *Owen Holmes Magee*, such administrator, was a person interposed, although he subsequently sold the property to plaintiff's husband on time. However this may be, the sale was ratified when the administrator of her last husband's succession filed his account and carried the price of *Abram* into the same, and the plaintiff opposed the vouchers proposed

WILLIAMS
v.
SPRINGFIELD.

to be allowed, and claimed the marital fourth of the succession of *Lowry*, as it then stood, without objecting to the price of said slave being so carried into the account. If the slave *Abram* were her separate property, she ought not to have claimed of *Lowry's* succession her marital fourth in his price.

Judgment affirmed.